UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW J. KANE,

                     Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                     Defendant.
_____

**DECISION
and
ORDER**

**18-CV-6837F**
(**consent**)

APPEARANCES:        EMPIRE JUSTICE CENTER
                            Attorneys for Plaintiff
                            CATHERINE M. CALLERY, of Counsel
                            One West Main Street
                            Suite 200
                            Rochester, New York  14614
                                and
                            LEGAL ASSISTANCE OF WESTERN NEW YORK, INC.
                            Attorneys for Plaintiff
                            NICOLE LINDSEY DeANDA, of Counsel
                            215 Church Street
                            Suite 301
                            Elmira, New York  14901

                            JAMES P. KENNEDY, JR.
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York  14202
                                and
                            KATHRYN L. SMITH
                            United States Attorney's Office
                            Assistant United States Attorney, of Counsel
                            100 State Street
                            Rochester, New York  14617
                                and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

EMILY MAXINE FISHMAN
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York  10278
   and
FRANCIS D. TANKARD, and
NICOL S. FITZHUGH
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri  64106

## JURISDICTION

On August 5, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 23).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on July 1, 2019 (Dkt. 12), and by Defendant on October 30, 2019 (Dkt. 21).

## BACKGROUND

Plaintiff Andrew J. Kane ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed on July 24, 2015 with the Social Security Administration ("SSA"), for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Social Security Supplemental Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Plaintiff alleges he became disabled on June 30, 2011, based on AIDS,

2

severe chronic depression, and severe social anxiety.  AR[2] at 165, 172, 229.  Plaintiff's applications initially were denied on October 9, 2015, AR at 62-87, and at Plaintiff's timely request, AR at 96-97, on September 25, 2017, a hearing was held in Elmira, New York via video conference before administrative law judge Jeremy G. Eldred ("the ALJ"), located in Syracuse, New York.  AR at 30-59 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Nicole Lindsey DeAnda, Esq., and vocational expert David Festa ("the VE").

On November 9, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 12-29 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 280-82.  On October 3, 2018, the Appeals Council denied Plaintiff's request for review, AR at 5-10, rendering the ALJ's Decision the Commissioner's final.  On November 28, 2018, Plaintiff commenced the instant action in this court seeking judicial review of the ALJ's Decision.

On July 1, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 12) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment (Dkt. 12-1) ("Plaintiff's Memorandum").  On October 30, 2019, Defendant moved for judgment on the pleadings (Dkt. 21) ("Defendant's Motion"), attaching Commissioner's Brief in Support of Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 21-1) ("Defendant's Memorandum").  Filed on November 20, 2019 was Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on April 2, 2019 (Dkt. 9).

Judgment on the Pleadings and in Response to Defendant Commissioner's Motion (Dkt. 22) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

# **FACTS**[3]

Plaintiff Andrew J. Kane ("Plaintiff" or "Kane"), born June 8, 1984, was 27 years old as of June 30, 2011, his alleged disability onset date ("DOD"), and 33 years old as of November 9, 2017, the date of the ALJ's Decision.  AR at 15, 23, 24, 35, 165, 172, 213.  As of the administrative hearing, Plaintiff had never married, had no children, and lived in a house with his parents and his partner.  AR at 35, 165-66, 172-73, 242, 502.  Plaintiff completed the 11th grade in high school, has not obtained a graduate equivalency diploma ("GED"), and is trained as a certified nursing assistant ("CNA").  AR at 36-37, 502.  Plaintiff has a driver's license but does not drive often because he does not have a working vehicle, relying instead on catching rides from others.  AR at 35-36, 39, 245.  Plaintiff's work history includes positions as a CNA, at call centers, customer service representative, store manager, and waiter.  AR at 36-39, 217-22, 230.

It is undisputed that Plaintiff suffers from mental health problems including depression, anxiety, and PTSD.  Plaintiff attributes his mental health issues to learning in 2010 that he is HIV positive.  AR at 39-41, 48.  Further blood tests revealed Plaintiff has full-blown AIDS and he initially was given only six months to live.  AR at 48.  After receiving his HIV/AIDS diagnosis, Plaintiff experienced frequent panic attacks and

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.  s

4

anxiety. AR at 39-41, 48. According to Plaintiff, he mostly manages his HIV/AIDS status with medications and although his "numbers look good on paper," the medications exacerbate his panic attacks and anxiety, causing dizziness and nausea, resulting in Plaintiff's losing weight and muscle, rendering him unable to lift much. AR at 41-45. Plaintiff testified he suffers from asthma when the seasons changed, AR at 46, and attributed missing family events to his desire to avoid questions about his health. AR at 50-51. Plaintiff maintains his HIV/AIDS interferes with his memory which may be early onset Alzheimer's caused by AIDS. AR at 51-52. Plaintiff testified that he enjoyed working, and is a good and outgoing person, but quit most of his jobs because of panic attacks. AR at 52-53.

Plaintiff described passing his days doing yard work, keeping his home clean, and paying his partner's bills with money his partner earned. AR at 45-46. Plaintiff cooks and does laundry, AR at 504, reported good socialization and family relationships, *id.*, and his hobby was "sitting on the patio on my cell phone." *Id.*

It is undisputed that Plaintiff did not receive treatment for his mental health issues from a physician, psychiatrist, or psychologist, but received mental health treatment at Family Services of Chemung County ("FSCC"), from psychiatric nurse practitioner Tara Kane ("NP Kane"), and licensed master of social work Brenda Roberson ("LMSW Roberson"). AR at 643-62, 695-97, 873-974, 1110-20. In connection with his disability benefits applications, Plaintiff underwent psychiatric evaluations on a consultative basis by psychologists Sara Long, Ph.D. ("Dr. Long"), AR at 501-05, and M. Marks, Ph.D. ("Dr. Marks"), AR at 69-71, and a physical examination on a consultative basis by Gilbert Jenouri, M.D. ("Dr. Jenouri"). AR at 507-11. Throughout the relevant period,

Plaintiff's primary care physician was Renee Abderhalden-Friend, M.D. ("Dr. Abderhalden-Friend"), AR at 486-500, 685-93, and Plaintiff was treated for AIDS by Gregory J. Malanoski, M.D. ("Dr. Malanoski").  AR at 557-642, 702-78.  Plaintiff was medically prescribed by Junella Chin, D.O. ("Dr. Chin") for treatment of HIV/ADS-related symptoms.  AR at 1107-08, 1123-24.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather,

"the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2. Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Defendant bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

     In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through December 31, 2018, AR at 17, has not engaged in substantial gainful activity since June 30, 2011, his alleged disability onset date, *id.* at 17-18, and suffers

8

from the severe impairments of HIV/AIDS, asthma, major depressive disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD"), *id.* at 18, that Plaintiff's use of marijuana is not maladaptive as it is medically prescribed and thus is not considered a substance use disorder, *id.* at 18, and that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18-19.  The ALJ further found that despite his impairments, Plaintiff retains the RFC to perform a light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he must avoid concentrated exposure to humidity, wetness, dust, odors, fumes, and other pulmonary irritants, cannot perform work requiring exposure to temperature extremes, can perform only simple, routine tasks, can make only simple work-related decisions, and can do work requiring no more than occasional interaction with supervisors, co-workers, or the public. *Id.* at 19-22.  Plaintiff is unable to perform any PRW, yet given Plaintiff's RFC, age, limited education and ability to communicate in English, Plaintiff can perform jobs that exist in significant numbers in the national economy including as a photocopy machine operator, an order caller, and a routing clerk. *Id.* at 23-24.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 24.

  Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ's RFC assessment is not supported by substantial evidence because the ALJ accorded too little weight to the opinions of "other" medical sources, Plaintiff's Memorandum at 15-20, and erred in evaluating Plaintiff's symptoms, *id.* at 20-23, and that the ALJ's errors in formulating Plaintiff's RFC were not harmless because a correct RFC would have supported only a

9

finding that Plaintiff is disabled. *Id.* at 23-24. Defendant argues substantial evidence in the record supports the ALJ's conclusion that despite causing some work-related limitations, Plaintiff's impairments do not preclude Plaintiff from performing all work because Plaintiff's allegations are not fully supported by the overall record, Defendant's Memorandum at 13-18, and the ALJ properly weighed the opinion evidence related to Plaintiff's physical and mental limitations, *id.* at 18-29, such that substantial evidence also supports the ALJ's finding Plaintiff could perform work existing in the national economy. *Id.* at 29-30. In reply, Plaintiff argues the ALJ erred in evaluating Plaintiff's symptoms, Plaintiff's Reply at 1-5, and in according little weight to opinions rendered by Plaintiff's "other" medical sources. *Id.* at 5-9. There is no merit to Plaintiff's arguments.

The court first addresses Plaintiff's argument, Plaintiff's Memorandum at 15-20, that the ALJ erred in according "little weight" to the opinions of NP Kane and LMSW Roberson who regularly treated Plaintiff for his mental health impairments, yet assigned "significant weight" to the opinion of state agency consultant Dr. Marks.

In particular, the relevant regulations differentiate between evidence from "acceptable medical sources" and medical sources who are not "acceptable" as well as nonmedical sources. *See* 20 C.F.R. §§ 404.1527 and 416.927 (providing that generally opinion evidence from acceptable medical sources are entitled to greater weight than opinion evidence from other sources). Significantly, neither NP Kane nor LMSW Roberson are "acceptable medical sources" as defined in the relevant regulations and thus their opinions are not entitled to controlling weight as provided for by § 404.1527(c)(2) and § 416.927(c)(2).[5] *See* 20 C.F.R. §§ 404.1502(a) and 416.902(a)

---

[5] Because Plaintiff's disability benefits applications were filed prior to March 27, 2017, the so-called "treating physician rule" set forth in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2), requiring that where

(defining which medical sources qualify as "acceptable" for purposes of evaluating disability benefits claims).  *See also Widener v. Comm'r of Soc. Sec.*, 2019 WL 2635740, at * 4 (W.D.N.Y. June 27, 2019) ("Opinions from other sources regarding a claimant's ability to work may be considered but are not entitled to controlling weight." (citing *Genier v. Astrue*, 298 Fed.Appx. 105, 108 (2d Cir. 2008) (citing Social Security Ruling 06-3p))).

      The opinion evidence on which Plaintiff relies includes a letter dated April 18, 2016, in which LMSW Roberson states "[a]t this time, taking into consideration [Plaintiff's] mental limitations, I do not recommend that [Plaintiff] is eligible for employment.  Due to depression and anxiety, [Plaintiff] is very limited in mental functioning that includes but are not limited to maintaining attention and/or concentration, making simple decisions, interacting with others, or being able to function in a work setting."  AR at 697.  Also, in a Mental Examination for Employability Assessment, Disability, Screening, and Alcoholism/Drug Addiction Determination ("Employability Assessment form") completed by on February 2, 2017, NP Kane attributes several functional limitations to Plaintiff's diagnosed psychiatric impairments including that Plaintiff was moderately limited in maintaining basic standards of personal hygiene and grooming, and very limited in maintaining attention/concentration, making simple decisions, interacting appropriately with others, maintaining socially appropriate behavior without exhibiting behavior extremes, and appearing able to function in a work setting at a consistent pace.  AR at 695-96.  NP Kane concluded that based on Plaintiff's anxiety and depression, she did not then recommend Plaintiff for employment.

---

the medical opinion of a treating physician is supported by substantial evidence in the record, the opinion is entitled to controlling weight.

*Id.* at 696. Plaintiff also relies on a Psychiatric Functional Assessment form completed by NP Kane on July 6, 2017, checking boxes indicating Plaintiff was not limited in understanding and learning terms, instructions, and procedures, but based on Plaintiff's anxiety, Plaintiff was mildly limited in recognizing and correcting mistakes, moderately limited in answering questions, providing explanations, remembering locations and work-like procedures, understanding and remembering short and simple instructions, carrying out very short and simple oral instructions, and sequencing multi-step activities, markedly limited in describing work activity to others, asking simple questions or requesting assistance, identifying and solving problems, using reason and judgment to make work-related decisions, initiating or sustaining conversation, and understanding and responding to social cues, and extremely limited or unable to function with regard to stating his own point of view, responding appropriately to requests, suggestions, criticisms, correction and challenges from co-workers and supervisors, cooperating and handling conflict with others, keeping social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, and with all aspects of concentration, persistence or maintaining pace. AR at 968-69. NP Kane further estimated Plaintiff's anxiety would cause him to absent or late to work more than four days per month. AR at 970.

    In giving these opinions "little weight" the ALJ determined not only that they were not rendered by "an acceptable medical source under the regulations," and that the conclusion of Plaintiff's ability to work is reserved to the ALJ, but also that the opinions are "not well supported by reference to objective clinical findings." AR at 22. The ALJ's

decision to accord "little weight" to the opinions of LMSW Roberson and NP Kane is supported by substantial evidence in the record, particularly, the treatment notes prepared by LMSW Roberson and NP Kane in connection with Plaintiff's counseling session fail to show Plaintiff is as limited by his mental health issues as indicated in the opinions.  *See*, *e.g.*, AR at 643 (LMSW Roberson reporting on January 7, 2016, Plaintiff's motivation was excellent, he was able to focus on relevant topics, and able to see different perspectives); 650-51 (NP Kane reporting examining Plaintiff on February 23, 2016 and finding Plaintiff with thought processes and associations that are logical, linear, and goal directed, with good judgment and insight, intact short and long-term memory, with "some deficits in attention noted"); 904 (LMSW Roberson noting on September 6, 2016 Plaintiff reported his depression was improving and coping skills helped with his anxiety although he still has anxiety and panic attacks).  Accordingly, substantial evidence in the record support the ALJ's decision to grant the opinions of LMSW Roberson and NP Kane "little weight" because the opinions are not supported by the relevant treatment notes.

Further, the ALJ's reliance on the consultative examining opinion of Dr. Long prepared in connection with her psychiatric examination on September 1, 2015, AR at 21-22 (citing AR at 502-05), was permissible.  *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) ("'[T]he opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence.'" (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983))).  Significantly, after examining Plaintiff, Dr. Long diagnosed Plaintiff with adjustment disorder with depression and anxiety.  AR at 504.  Despite this diagnosis, Dr. Long

opined Plaintiff has no limitations regarding following and understanding simple directions and performing simple tasks, observing Plaintiff is able to maintain attention and concentration and is able to maintain a regular schedule, able to learn new tasks, perform complex tasks, and make appropriate decisions, and is able to relate adequately with others, and is capable of adequate stress management although Plaintiff then "present[ed] with lowered stress threshold."  AR at 504.  Dr. Long also indicated Plaintiff's prognosis was "good to alleviate anxiety, given consistent psychotherapy and motivation to acquire skills."  *Id.*  The ALJ gave Dr. Long's opinion "great weight" because it was consistent with relevant evidence from her report and Dr. Long personally examined Plaintiff and relied on Dr. Long's statements regarding Plaintiff's difficulties in dealing with stress in assessing Plaintiff's RFC.  AR at 21-22.

Nor did the ALJ err in granting "significant weight" to Dr. Mark's conclusion, based on an October 9, 2015 review of Plaintiff's medical record, that Plaintiff is able to understand and remember instructions, sustain a routine, interact, and adapt such that Plaintiff can perform the basic mental demands of substantial gainful activity.  AR at 22 (citing AR at 62-85).  Significantly, the ALJ is required to consider the opinions of state agency consultants, "as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."  20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).  Because Dr. Marks, a psychologist, is a mental health specialist with knowledge of the Social Security disability evaluation process, the ALJ was required to consider his opinion that Plaintiff's mental health impairments are not disabling provided the opinion is supported by the record.  Here, Dr. Marks's opinion is consistent with Dr. Long's opinion, as well as with

the treatment notes prepared by LMSW Roberson and NP Kane. Accordingly, the ALJ properly considered Dr. Mark's opinion in assessing Plaintiff's RFC.

Moreover, insofar as the ALJ is required to consider the evidence as a whole, *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) ("To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."), Plaintiff has repeatedly attributed his anxiety to his fear of death since being diagnosed with AIDS. *See, e.g.*, AR at 643 (LMSW Roberson reporting on January 7, 2016 Plaintiff attributed his anxiety to being diagnosed with HIV in December 2010). In contrast, Plaintiff's infectious disease specialist, Dr. Malanoski, who followed Plaintiff with regard to his AIDS diagnosis, repeatedly found Plaintiff responding well to treatment with his HIV/AIDS viral load either "very low," AR at 558 (December 9, 2015), or "well suppressed." AR at 703 (April 8, 2016). On March 3, 2017, Plaintiff reported to Dr. Malanoski he was "feeling well with no specific complaints." AR at 700. Accordingly, the record as a whole establishes the ALJ properly weighed the opinions of Plaintiff's ability to perform work.

Nor did the ALJ err at step five in finding Plaintiff could perform other work existing in the national economy as Plaintiff argues based on the ALJ's failure to include in the hypotheticals posed to the VE that Plaintiff's anxiety would render Plaintiff unable to sufficiently maintain concentration, persistence and pace, or be around other people, and would cause Plaintiff to miss or be late for work at least four times a month. Plaintiff's Memorandum at 23-24. Rather, as discussed above, the ALJ found the

opinions of LMSW Roberson and NP Kane on which Plaintiff relies in support of this argument were entitled to little weight;  accordingly, the ALJ was not required to incorporate into the hypothetical posed to the ALJ those limitations which the ALJ did not find supported by the record.  *See Smith v. Berryhill*, 740 Fed.Appx. 721, 726 (2d Cir. 2018) (ALJ not required to incorporate into hypothetical posed to the VE functional limitations the ALJ discounted).

The ALJ's assessment of both Plaintiff's RFC and the existence of other work existing in the national economy is therefore based on substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's Motion (Dkt. 21) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     September 14th, 2020
           Buffalo, New York